**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.   15-cr-203  WYD

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    BRANDON BOURRET,
2.    ATHANASIOS ANDRIANAKIS,

       Defendants.

---

**INDICTMENT
Count One:  18 U.S.C. § 371
Count Two:  18 U.S.C. §§ 2, 1030(a)(2)(C), and 1030(c)(2)(B)
Counts Three:  18 U.S.C. §§ 2, 1029(a)(2), and 1029(c)(1)(A)(i)
Counts Four:  18 U.S.C. §§ 2, 1029(a)(3), and 1029(c)(1)(A)(i)
Forfeiture Allegation**

---

The Grand Jury charges that:

## COUNT 1

Beginning on or about July 12, 2012, and continuing through on or about July 1, 2014, in the State and District of Colorado and elsewhere, the defendants, BRANDON BOURRET and ATHANASIOS ANDRIANAKIS, knowingly conspired and agreed with each other to commit acts and offenses against the laws of the United States, namely computer fraud and abuse, access device fraud, identification document fraud and wire fraud, in violation of Title 18, United States Code, Sections 1030, 1029 1028, and 1343, and there was interdependence among the members of the conspiracy.

**Introduction**

At all times relevant to the charges contained in this Indictment:

1. Photobucket Corporation ("Photobucket") was a company located in Colorado that operated an image and video hosting website at Photobucket.com.

2. Users created albums on Photobucket.com to store images and/or videos.

3. Photobucket.com users could designate one of three privacy settings for each album: public, private, or password protected.

4. Content in public albums could appear in search results on Photobucket.com and in other search engines like Google and Bing. Other viewers could follow linked photographs on other sites back to a public album and browse the other photos in that public album.

5. Content in private albums did not appear in search results on Photobucket.com or in other search engines like Google and Bing. Photobucket.com users could share photographs in a private album with other viewers without allowing the viewers access to the entire album.

6. Content in password protected albums did not appear in search results on Photobucket.com or in other search engines like Google and Bing. Password protected albums required a password to view the contents of the album. Photobucket.com users could create guest passwords and share those guest passwords with other viewers to allow those other viewers to access password protected albums.

**Purpose of the Conspiracy**

7. The purpose of the conspiracy was for the conspirators to enrich themselves by selling passwords and unauthorized access to private and password protected information,

images, and videos on the Internet and by selling private and password protected information, images and videos that the conspirators obtained from the Internet.

**Manner And Means Of The Conspiracy**

During all times relevant to the Indictment, BRANDON BOURRET and ATHANASIOS ANDRIANAKIS ("the conspirators") used the following manner and means to execute the conspiracy:

8. The conspirators developed, marketed, and sold a software application called Photofucket which allowed viewers to circumvent the privacy settings of the image and video hosting website at Photobucket.com and to access and copy users' private and password protected information, images, and videos without Photobucket or those users' authorization.

9. The conspirators used the Photofucket application to obtain guest passwords to Photobucket.com users' password protected albums.

10. The conspirators possessed guest passwords to Photobucket.com users' password protected albums, and transferred, or caused to be transferred, guest passwords to others who paid to use the Photofucket application.

11. The conspirators used Photobucket.com users' guest passwords to access those users' password protected albums without the authorization of Photobucket or the Photobucket.com users.

12. The conspirators sent email messages between themselves and to others that explained how to use and improve the Photofucket application to access and copy Photobucket.com users' private and password protected information, images, and videos without

3

Photobucket or those users' authorization.

13. The conspirators possessed, transferred, and used Photobucket.com users' identification, information, images, and videos from private and password protected albums on Photobucket.com, all without the authorization of Photobucket or the Photobucket.com users.

## Overt Acts

In furtherance of the conspiracy and to affect its objects, at least one of the conspirators committed at least one of the following acts:

14. On or about the following dates, BRANDON BOURRET or ATHANASIOS ANDRIANAKIS sent an email message that conveyed new or updated methods to circumvent the private or password protective settings on Photobucket.com.

    a. Email #1:  July 18, 2012, subject Re: Mobile exploit is dead … let's do business.

    b. Email #2:  August 8, 2012, subject Re: Mobile exploit is dead … let's do business.

    c. Email: # 3:  December 8, 2012, subject Re: Bad day for exploits.

    d. Email #4:  March 21, 2013, subject Re: Ability to view "classic" Photobucket site?

    e. Email # 5:  June 3, 2013, subject Re: Everything OK?

15. On or about the following dates, BRANDON BOURRET transferred money to ATHANASIOS ANDRIANAKIS via PayPal in connection with his work toward the development of the Photofucket application.

    a. Transfer #1:  September 1, 2012.

    b.  Transfer #2:  January 11, 2013.

    c.  Transfer #3:  February 11, 2013.

    d.  Transfer # 4:  June 7, 2013.

    e.  Transfer # 5:  July 18, 2013.

16. On or about the following dates, BRANDON BOURRET caused an email message to be sent which contained a guest password to a Photobucket.com user's password protected album.

    a.  Email #1:  July 20, 2012, subject di**************.

    b.  Email #2:  July 21, 2012, subject _L*******.

    c.  Email #3:  July 23, 2012, subject ba**************.

    d.  Email # 4:  July 28, 2012, subject 10******************.

    e.  Email #5:  January 1, 2013, subject da***************.

17. On or about the following dates, BRANDON BOURRET sold a license to the Photofucket application or another service in connection with the Photofucket application and received payment for a customer's registration of that license or for a service provided in connection with the Photofucket application.

    a.  Payment #1:  January 1, 2013 (payment received from S.M).

    b.  Payment #2:  February 9, 2013 (payment received from M.D).

    c.  Payment #3:  February 10, 2013 (payment received from M.D).

    d.  Payment # 4:  June 20, 2013 (payment received from A.H.).

    e.  Payment # 5:  August 1, 2013 (payment received from C.B).

18. On or about the following dates, BRANDON BOURRET transmitted an email message

to a Photofucket customer providing customer support for the Photofucket application.

  a. Email # 1: July 22, 2012, to th****40, subject Re: ti**********.

  b. Email #2: February 22, 2013, to Carl****ah, subject Re: Account Support.

  c. Email #3: March 23, 2013, to nb****65, subject Re: Photofucket Bug Report.

  d. Email # 4: March 23, 2013, to he****4353, subject Re: Photofucket.

  e. Email # 5: July 28, 2013, to ja*****y, subject Re: Mu********

19. On or about the following dates, BRANDON BOURRET sent an email message concerning the sale of Photobucket.com users' information to a customer of the Photofucket application.

  a. Email # 1: January 10, 2013, to ANDRIANAKIS, subject Re: Bad day for exploits.

  b. Email # 2: February 9, 2013, to mik****awse, subject Re: PB.

  c. Email # 3: February 10 2013, to mik****awse, subject Re: PB.

  d. Email # 4: February 11, 2013, to mik****awse, subject Re: PB.

  e. Email # 5: February 12, 2013, to mik****awse, subject Re: PB.

20. On or about July 1, 2014, BRANDON BOURRET possessed approximately 722 guest passwords for Photobucket.com users' password protected albums.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

On or about and between July 20, 2012 to March 18, 2013, in the State and District of Colorado and elsewhere, BRANDON BOURRET and ATHANASIOS ANDRIANAKIS,

defendants herein, intentionally accessed a computer without authorization, and thereby obtained information from a protected computer, as defined in 18 U.S.C. § 1030(e)(2)(B), and the offense was committed for purposes of commercial advantage and private financial gain, and did aid and abet the same.  All in violation of 18 U.S.C. §§ 2, 1030(a)(2)(C) and 1030(c)(2)(B).

## COUNT THREE

On or about and between July 20, 2012 to March 18, 2013, in the State and District of Colorado and elsewhere, BRANDON BOURRET and ATHANASIOS ANDRIANAKIS, defendants herein, knowingly and with intent to defraud trafficked in and used one or more unauthorized access devices in a manner affecting interstate commerce, and by such conduct did obtain things of value aggregating $1,000 or more during that period, and did aid and abet the same.  All in violation of 18 U.S.C. §§ 2, 1029(a)(2), and 1029(c)(1)(A)(i).

## COUNT FOUR

On or about and between July 20, 2012 to July 1, 2014, in the State and District of Colorado and elsewhere, BRANDON BOURRET and ATHANASIOS ANDRIANAKIS, defendants herein, knowingly and with intent to defraud possessed 15 or more unauthorized access devices, and such possession affected interstate and foreign commerce, and did aid and abet the same.  All in violation of 18 U.S.C. §§ 2, 1029(a)(3), and 1029(c)(1)(A)(i).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(B).

2. Upon conviction of the violations alleged in Counts 1 through 4 of this Indictment involving violations of Title 18, United States Code, Sections 371, 1029, and 1030, defendants BRANDON BOURRET and ATHANASIOS ANDRIANAKIS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the conspiracy and by the defendants, for which the defendants are joint and severally liable.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which

    f.    cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

Ink signature on file in Clerk's Office
FOREPERSON

JOHN F. WALSH
United States Attorney

By: *s/ David A. Tonini*
DAVID A. TONINI
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail: david.tonini@usdoj.gov
Attorneys for the United States